## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Atlantic Casualty Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Chazonkhueze LLC, dba Checker Bar, Inc., a Minnesota Limited Liability Corporation, and<br><br>Gerhard Keilen, as trustee for the next-of-kin of Nicholas Keilen, a Minnesota individual,<br><br>Defendants. | Case No. 15-cv-3783 SRN/FLN<br><br><br><br>**MEMORANDUM, OPINION AND ORDER** |

Aaron M Simon, Brownson & Linnihan PLLP, 225 South Sixth Street, Ste. 4800 Minneapolis, MN 55402, for Plaintiff.

Michael A Feist, 332 Minnesota St. Ste. W 1610, St Paul, MN 55101; Kathleen M Loucks, Michael R. Moline, Lommen Abdo, PA, 1000 International Centre, 920 Second Avenue South Minneapolis, MN 55402, for Defendant Gerhard Keilen.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Atlantic Casualty Insurance Company's ("ACIC") Motion for Summary Judgment [Doc. No. 25]. A hearing was held on August 19, 2016. For the reasons set forth below, ACIC's Motion for Summary Judgment is granted.

I.  **BACKGROUND**

   **A. Facts**

ACIC is an insurance company organized under the laws of North Carolina with its principal place of business in North Carolina. (Aff. of Brian Schwarzbach ("Schwarzbach Aff.") at ¶ 2 [Doc. No. 33].) ACIC issued an insurance policy, #M072000175 ("ACIC Policy"), to defendant Chazonkhueze LLC, dba Checker Bar, Inc. and/or Checker Bar, and/or Checkerboard Pizza ("Checker Bar"), which was effective from February 1, 2014 to February 1, 2015. (Id. at ¶ 3; Schwarzbach Aff., Ex. A ("ACIC Policy") [Doc. No. 33-1].) The ACIC Policy was purchased by Checker Bar in Minnesota. (Schwarzbach Aff. at ¶ 4.)

On or about June 5, 2014, Nicholas Keilen ("Nicholas")[1] was injured by Checker Bar employees as they removed him from the Checker Bar and he died as a result of his injuries on August 23, 2014. (Schwarzbach Aff., Ex. B ("Keilen Compl.") at ¶ 8 [Doc. No. 33-2].) Defendant Gerhard Keilen ("Mr. Keilen"), as trustee for the next-of-kin of Nicholas Keilen, initiated a lawsuit against Checker Bar in Ramsey County, Minnesota, claiming negligence and negligent supervision. (See Keilen Compl.) Mr. Keilen also presented a claim to ACIC for damages. (Schwarzbach Aff. at ¶ 7.)

The ACIC Policy states that ACIC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'" and that it "will have the right and duty to defend the insured against any 'suit' seeking those

---

[1] Because Nicholas and Defendant Gerhard Keilen share the same last name, to avoid confusion the Court refers to Nicholas by his first name and Gerhard Keilen as "Mr. Keilen."

damages." (ACIC Policy at 12.[2]) ACIC contends that the duty contained within Section 1 does not apply in this case, and that it has no duty to defend or indemnify Checker Bar in regards to the Keilen lawsuit. ACIC bases this assertion on the "Assault and/or Battery Exclusion" within the ACIC Policy. (<u>See</u> <u>id</u>. at 46.) That exclusion reads in relevant part:

> 1. This insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury", "property damages" or "personal and advertising injury" arising in whole or in part out of:
>
>> a) the actual or threatened assault and/or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person;
>>
>> b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault and/or battery;
>>
>> c) the negligent
>>
>>> (i) employment;
>>> (ii) investigation;
>>> (iii) supervision;
>>> (iv) training;
>>> (v) retention;
>>
>> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.
>>
>> d) any actual or alleged injury arises out of any combination of an assault and/or battery-related cause and a non-assault or battery-related cause;
>>
>> e) any actual or alleged injury arises out of a chain of events which includes assault and/or battery, regardless of whether

---

[2] The Court cites to the ECF page number as the document itself does not contain page numbers.

3

the assault and/or battery is the proximate cause of injury;

…

### B. Procedural History

After Mr. Keilen presented the claim against Checker Bar to ACIC, ACIC filed a declaratory judgment action asking that this Court declare that ACIC had no coverage obligations nor a duty to defend related to Mr. Keilen's claims. (See ACIC Compl. [Doc. No. 1].) ACIC now moves for summary judgment because it claims that the circumstances that led to the untimely death of Nicholas fall under the Assault and/or Battery Exclusion in the ACIC Policy. (See Pl.'s Reply at 3–4 [Doc. No. 38].) Mr. Keilen opposes ACIC's motion, claiming that there is not enough evidence to conclude as a matter of law that an assault occurred, and that, for purposes of triggering coverage, there was an "occurrence." (See generally Def.'s Mem. in Opp. [Doc. No. 36].)

## II. DISCUSSION

### A. Legal Standard

Summary judgment is proper if, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986); Morriss v. BNSF Ry. Co., 817 F.3d 1104, 1107 (8th Cir. 2016), cert. denied, (U.S. Oct. 3, 2016)  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of

every action.'" Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. Id. at 323. However, a party opposing summary judgment "'may not rest upon the mere allegation or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial,' and 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Ingrassia v. Schafer, 825 F.3d 891, 896 (8th Cir. 2016) (quoting Anderson, 477 U.S. at 256–57). "[T]he nonmoving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" Conseco Life Ins. Co. v. Williams, 620 F.3d 902, 910 (8th Cir. 2010) (quoting Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Summary judgment is proper where the nonmoving party fails "'to make a showing sufficient to establish the existence of an element essential to that party's case . . . .'" Walz v. Ameriprise Fin., Inc., 779 F.3d 842, 844 (8th Cir. 2015) (quoting Celotex, 477 U.S. at 322). While the moving party bears the burden of showing that the facts are undisputed, a judge is not confined to considering only the materials cited by the parties, and "it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

**B. The Assault Exclusion**

Assault exclusions within commercial insurance policies, like other exclusions, are common and generally upheld. See Monticello Ins. Co. v. Hale, 284 F. Supp. 2d 898 (S.D. Ohio 2003); Kabanuk Diversified Invs. v. Credit Gen. Ins. Co., 553 N.W.2d 65 (Minn. Ct. App. 1999). Exclusions, however, should be narrowly and strictly construed

against the insurer.  Am. Family Ins. Co. v. Walser, 628 N.W.2d 605, 613 (Minn. 2001). Similarly, "the insurer carries the burden of establishing the applicability of exclusions." Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888 (Minn. 2006).  Even where no assault or battery is alleged in the underlying complaint, courts have found that assault and battery exclusions, like the one in the ACIC Policy, nevertheless preclude coverage if the facts clearly point towards the occurrence of an assault.  See Ross v. Minneapolis, 408 N.W.2d 910 (Minn. Ct. App. 1987) (finding that the trial court erred when it determined that an assault and battery exclusion did not apply to a case even where the underlying action was one grounded in negligence).

The ACIC Policy's assault exclusion is broad and states that coverage does not apply to, and that ACIC has no duty to defend against, any claims arising in whole or in part out of an assault, including any negligence claims arising from conduct that constitutes an assault.  (ACIC Policy at 46.)  Mr. Keilen does not dispute the enforceability of the assault exclusion in the ACIC Policy.  Nor does he allege that the exclusion would not apply if an assault occurred.  Instead, Mr. Keilen's argument is that it cannot be decided as a matter of law that an assault occurred.  (Def.'s Mem. in Opp. at 8.)  However, as discussed below, Mr. Keilen not only fails to rebut the substantial evidence that an assault occurred, he has actively asserted as much.  Therefore, ACIC is entitled to summary judgment.

### 1. Mr. Keilen's Interrogatory Response

Mr. Keilen asserts now that although Nicholas was in an altercation with Checker Bar employees on June 5, 2014, resulting in his hospitalization and tragic death, the

altercation was not an assault. (Mem. in Opp. at 6–7.) He cites two cases in support of his contention that what happened to Nicholas was not an assault. The first, <u>Penn-Star Ins. Co. v. Griffey</u>, examined a bouncer's removal of a patron using a chokehold and found that, although the altercation resulted in the patron sustaining injuries, an assault had not occurred. 306 S.W.3d 591, 601 (Mo. Ct. App. 2010). The court held that "it cannot be said that the physical removal of an unruly patron is *by definition* an assault and battery." <u>Id.</u> at 600 (emphasis original). The second case similarly found that an assault and battery exclusion did not apply to coverage for injuries to a man who had been escorted from a bar in a "full nelson" and dropped to the ground. See <u>Peck v. Alliance Gen. Ins. Co.</u>, 998 S.W.2d 71 (Mo. Ct. App. 1998).

<u>Griffey</u> and <u>Peck</u> stand for the proposition that not every physical altercation constitutes an assault. However, the altercation that ultimately led to Nicholas' death is plainly distinguishable from the conduct at issue in those cases. In an interrogatory response, Mr. Keilen himself described what happened to Nicholas as follows:

> "[Nicholas] exited the bar onto the street and was kicked and sprayed with pepper spray. One individual jabbed him with a baton. He was knocked down and kicked in the stomach. The assailants picked him up and started jabbing him in the stomach and lower back. There were four men. After the beating . . . ."

(Simon Sec. Aff., Ex. D ("Keilen Ans. to Interr.") at 4 [Doc. No. 39].)

In Minnesota, an assault is either "an act done with intent to cause fear in another of immediate bodily harm or death; or the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02 (2016). Although it is true that not every patron removal constitutes an assault, what Mr. Keilen alleges happened to

Nicholas was clearly an assault. Four Checker Bar employees intentionally inflicted bodily harm on Nicholas and left him with substantial injuries that led to his death. Mr. Keilen cannot now claim that what happened was an "altercation" or a simple "removal."

### 2. Second Amended Complaint

Further evidence that Mr. Keilen believes what happened to Nicholas was an assault is found in his second amended complaint against Checker Bar. A court may consider the language of an underlying complaint and compare it with an insurance policy to determine whether denial of coverage is appropriate. Prahm v. Rupp Constr. Co., 277 N.W.2d 389 (Minn. 1979).

Although the original complaint did not contain any explicit reference to an assault, Mr. Keilen subsequently filed an amended complaint, now the operative complaint, in the underlying dispute.[3] (Loucks Aff., Ex. A ("Keilen Sec. Am. Compl.") [Doc. No. 37-1].) In the operative complaint, Mr. Keilen himself alleges that "[Checker Bar's] failures were a substantial contributing factor in the *assault* and resulting death of Nicholas." (Keilen Sec. Am. Compl. at ¶¶ 17, 23) (emphasis added).) By his own account, Mr. Keilen acknowledges that Nicholas's death was the result of an assault by Checker Bar employees. At the hearing, Mr. Keilen argued that what he labeled the incident to be was not relevant or conclusive, pointing out that he also labeled the

---

[3] Mr. Keilen suggests that ACIC acted inappropriately when, based on the original complaint, they denied coverage. Even assuming ACIC's denial of coverage in the first instance was improper, the facts discussed herein (i.e., that an assault occurred and that the ACIC Policy's assault exclusion applies) would warrant revoking coverage. Brown v. State Auto. & Cas. Underwriters, 293 N.W.2d 822, 826–27 (Minn. 1980) (holding that an insurer may "reserve its right to contest coverage based on facts developed at trial").

situation as an "altercation" or a simple "removal."  (See Def.'s Mem. in Opp. at 7, 8.) However, Mr. Keilen's conflicting labels for what happened to Nicholas do not negate the underlying reality of what Mr. Keilen alleges happened—that Nicholas died as a result of an assault he suffered at Checker Bar.

By Mr. Keilen's own account of what happened to Nicholas, and by his own allegations in his complaint, it is clear that Mr. Keilen's claims involve an alleged assault. As such, the Assault and/or Battery Exclusion of the ACIC Policy applies.  No coverage or duty to defend exists and ACIC is entitled to judgment as a matter of law.[4]

### III.  ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Atlantic Casualty Insurance Company's ("ACIC") Motion for Summary Judgment [Doc. No. 25] is **GRANTED**.

    a. ACIC has no duty to defend and no duty to indemnify Chazonkhueze LLC, dba Checker Bar, Inc. and/or Checker Bar, and/or Checkerboard Pizza in regards to the underlying lawsuit brought by Gerhard Keilen.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  October 13, 2016                           s/ Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge

---

[4] ACIC and Mr. Keilen also disagree over whether there was an "occurrence."  If there was no occurrence, ACIC would not have a duty to defend and indemnify.  However, because the Court concludes that the Assault and/or Battery Exclusion applies, it need not reach this argument.